649 P.2d 1381

**Anna M. SMITH, Plaintiff-Appellant,**

**v.**

**Charles Edward SMITH, Defendant-Appellee.**

No. 13827.

Supreme Court of New Mexico.

Aug. 11, 1982.

Don Klein, Jr., Owen M. Russell, Raton, for plaintiff-appellant.

Charles D. Alsup, Clayton, for defendant-appellee.

## OPINION

FEDERICI, Justice.

This appeal involves the trial court's denial of Anna Smith's request for an increase in child support payments. The final divorce decree was entered on February 20, 1976 and provided in part that Charles Smith would pay child support in the amount of $200.00 per pay period or $400.00 per month for four minor children, whichever amount was greater. On April 18, 1980, a modified final decree was entered that the child support payments would be made in the amount of $100.00 per month, per child, until the children reached the age of majority, or were earlier emancipated. On September 14, 1980, Mrs. Smith filed a motion to increase child support payments. On June 15, 1981, the trial court entered its order denying the motion, on the ground that there was insufficient evidence to find a changed circumstance which would have warranted an increase of child support payments. We affirm the trial court.

We discuss:

1. Whether a trial court should go back to the date the decree was originally entered to determine a material change in circumstances for ascertaining the amount of child support. Does the doctrine of res judicata prevent a trial court from considering matters prior to the modified decree.

2. Whether the trial court's decision that there has not been a material change in circumstances since the last modified decree is supported by substantial evidence and does not amount to an abuse of the trial court's discretion.

The first issue raised on appeal is whether the trial court erred when it considered only a five-month period, from April 18, 1980, the date of entry of the modified final decree, to September 14, 1980, the date of the filing of the petition by Mrs. Smith for an increase in child support payments, on the issue of whether there had been a change in circumstances. Mrs. Smith contends that the relevant period involved to determine if there had been a substantial change in circumstances was from the time of the entering of the original final divorce decree, on February 20, 1976, to September 14, 1980, the date the petition was filed.

This Court has said that where a divorce decree is clear and unambiguous, neither pleadings, findings, nor matters dehors the record may be used to change its meaning or even to construe it. *Chavez v. Chavez,* 82 N.M. 624, 485 P.2d 735 (1971). Section 40–4–7(C), N.M.S.A. 1978, specifically provides that a trial court may modify or change any order respecting, among other things, support and maintenance for children of the marriage. The trial court in this case had jurisdiction to modify or amend the final divorce decree on April 18, 1980, as to either matters upon which the parties had sought relief, or upon issues to which they had explicitly or implicitly consented. *Cf. Corliss v. Corliss,* 89 N.M. 235, 238, 549 P.2d 1070, 1073 (1976). In the present case, Mr. Smith sought to have the divorce decree, entered on February 16, 1976, modified and construed as to the proper allocation and duration of child support payments for the minor children. In the same action, Mrs. Smith explicitly, or, at least, implicitly, consented to the action involving the issue of child support payments.

■ A reservation of continuing jurisdiction by the trial court in divorce proceedings does not destroy the finality of a final judgment, once the judgment is entered. Such proceedings become res judicata. Like any other final award or decision, they are subject to attack only upon a showing of relief provided for under N.M.R.Civ.P. 59 and 60(b), N.M.S.A. 1978. *Cf. Unser v. Unser*, 86 N.M. 648, 654, 526 P.2d 790, 796 (1974).

In *Spingola v. Spingola*, 91 N.M. 737, 742, 580 P.2d 958, 963 (1978), this Court stated:

The issue before the trial court on a petition to modify the amount of child support is whether there has been a showing of change in circumstances. The change must be substantial, materially affecting the existing welfare of the child, *and must have occurred since the prior adjudication where child support was originally awarded.* [Emphasis added, citations omitted.]

■ In this case, the prior adjudication where child support was awarded, as modified, was the decree of April 18, 1980. The trial court declined to look to any earlier date, namely, to the divorce decree of February 16, 1976, since issues adjudicated earlier were settled by the doctrine of res judicata. *See Bd. of Cty. Com'rs, Etc. v. City of Las Vegas*, 95 N.M. 387, 622 P.2d 695 (1980). Therefore, the most *recent prior adjudication* which involved the issue of child support had taken place on April 18, 1980, and the trial court did not err in refusing to look at circumstances which had occurred at an earlier period of time.

Appellant has strongly urged us to follow the case of *Bradshaw v. Billups*, 587 S.W.2d 61 (Tex.Civ.App.1979). We have reviewed this case and find it not to be in accord with our law.

■ Another issue presented in this appeal is whether the trial court abused its discretion by refusing to find that there had been a change of circumstances which would justify an increase of child support payments. This Court has recognized that trial courts have discretion in determining whether to modify child support payments. *Barela v. Barela*, 91 N.M. 686, 579 P.2d 1253 (1978). The issue before any trial court on a petition to modify the amount of child support payments is whether there has been a showing of a change in circumstances that is substantial. *Spingola v. Spingola, supra.* The burden of proof is on the petitioner to satisfy the trial court that the circumstances have substantially changed, thereby justifying the requested modification. *Id.* at 742, 580 P.2d at 963. In the present case, the trial court considered a variety of relevant factors, such as an increase in the salaries of Mr. Smith and of Mrs. Smith, as adjusted by inflation indices, the remarriage of Mr. Smith, and his undertaking of support obligations of his current wife's two children. The court concluded that based on these factors, Mrs. Smith had not demonstrated a change in circumstances that was substantial that would justify an increase in child support payments. In reviewing the trial record, we cannot say that the trial court either abused its discretion in refusing to increase child support payments or that the trial court's findings are not supported by substantial evidence. *Id.* at 742, 580 P.2d at 963.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and RIORDAN, J., concur.