696 P.2d 482

**Peggy Ann BERLINT,**
**Petitioner-Appellant,**

v.

**Russell Henry BONN,**
**Respondent-Appellee.**

**No. 7720.**

Court of Appeals of New Mexico.

Feb. 5, 1985.

Armand T. Carian, Albuquerque, for petitioner-appellant.

Russell Henry Bonn, respondent-appellee, pro se.

## OPINION

HENDLEY, Judge.

Wife appeals a reduction of child support. The issue on appeal involves *Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978), and whether under the facts of this case the trial court erred in looking beyond a prior adjudication of child support in reducing child support.

The parties were divorced in 1978. The final decree awarded wife the custody of the three minor children and husband was ordered to pay $570.00 per month child support. Wife's motion for an increase in child support was filed in December 1982, and set for a thirty-minute hearing on February 1, 1983. Husband moved to have the setting vacated because thirty minutes was not enough time to hear the matter. At the same time, he filed a motion to reduce child support payments.

There was apparently a hearing on February 1, but no tape of that hearing was filed in this court. However, what happened at the proceedings is not in question because at later hearings, husband reviewed for the trial court what happened at the February 1 hearing, and wife did not contradict husband's assertions. Husband stated that wife presented her case, and then they ran out of time. Husband never got a chance to present his case. The court told the parties to try to work out a reduction of child support between them. Subsequently, at the May 9 presentment hearing, both sides presented orders. Wife's order recited that the matter came on for a hearing on both the motion to increase and the motion to decrease. Husband's order recited only that the matter came on for a hearing on the motion to increase. The court signed husband's order, and wife's motion to increase was denied on May 9, 1983.

Subsequently, after various other hearings, the trial court reduced the child support. This reduction was based on happenings which occurred prior to the May 9 hearing.

Wife's sole issue on appeal is whether the trial court erred in looking beyond the May 9 hearing and considering factors which occurred prior to that date in reducing child support.

■ *Spingola* states:

The issue before the trial court on a petition to modify the amount of child support is whether there has been a showing of a change in circumstances. The change must be substantial, materially affecting the existing welfare of the child, and must have occurred since the prior adjudication where child support was originally awarded.

*Smith v. Smith*, 98 N.M. 468, 649 P.2d 1381 (1982), goes on to state that the reason the trial court cannot go beyond the date is that those issues were settled by the doctrine of res judicata. "Res judicata will ordinarily preclude a claim where there has been a full and fair opportunity to litigate all issues arising out of that claim." *Myers v. Olson*, 100 N.M. 745, 676 P.2d 822 (1984). However, where an issue is not fully adjudicated on the merits, res judicata will be inapplicable. *Ranville v. J.T.S. Enterprises, Inc.*, 101 N.M. 803, 689 P.2d 1274 (Ct.App.1984).

■ In the instant case, what was the most recent adjudication? Under *Ranville*, it cannot be said that the issue of child support was fully adjudicated at the May 9 hearing because the husband's motion for reduction was not heard. Thus, there was not a full and fair opportunity to litigate all issues. *Myers*. Husband was precluded from litigating his motion for a decrease because the court ran out of time. The issue of a reduction in child support not having been litigated, the doctrine of res judicata, as outlined in *Smith*, does not apply.

■ The wife's request for costs and attorney fees is denied. There is no showing of such economic disparity that fees are necessary to an efficient preparation of her

case. *See Allen v. Allen*, 98 N.M. 652, 651 P.2d 1296 (1982).

In passing, we noted above that the tape of the February 1 hearing was not before this court. The fact that it is now the obligation of the district court clerk to transmit the tapes to this court, NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App. Rule 208(b) (Repl.Pamp.1983), does not alter the general rule that the burden is on appellant to insure that this court has a record adequate to review the issues. *State v. Duran*, 91 N.M. 756, 581 P.2d 19 (1978).

Affirmed.

IT IS SO ORDERED.

WOOD and MINZNER, JJ., concur.