IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DAVID DERRINGER,**

Plaintiff-Appellant,

v.                                                                              **NO. 29,135**

**JAYME MOORE, and**
**TUMBLEWEED AUCTION CO.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan Nash, District Judge**

David Derringer
Albuquerque, NM

Pro Se Appellant

Thomas Briones
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Plaintiff is appealing, pro se, from a district court judgment entered after an on-the-record appeal from metropolitan court. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

In this case, Plaintiff is appealing, pro se, from a district court judgment entered

after an on-the-record appeal from metropolitan court. The district court dismissed Plaintiff's appeal based on the lack of an adequate record. [RP 359] The district court noted that neither party requested that the trial in the metropolitan court be recorded. *See* NMSA 1978, § 34-8A-6(B) ("The metropolitan court is a court of record for civil actions."); Rule 1-073(A) NMRA ("Appeal from metropolitan court on the record."); Rule 3-708(A) NMRA ("Every civil proceeding in the metropolitan court shall be tape recorded if requested by a party."). Plaintiff did not preserve a record in this case, despite being informed by the metropolitan court that "[i]f you do not ask for a tape recording, you will not have a record of the proceedings to take to the district court for any appeal." [RP 39]

Notwithstanding Plaintiff's continued attempts to attack the merits of the metropolitan court trial, we agree with the district court that the failure to preserve a record of the metropolitan court trial effectively makes this appeal unreviewable for all claims arising out of that proceeding. It is the duty of the appellant to provide a record adequate to review the issues on appeal. *Dillard v. Dillard*, 104 N.M. 763, 765, 727 P.2d 71, 73 (Ct. App. 1986). "Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." *Reeves v. Wimberly*, 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct. App. 1988).

2

As we interpret Plaintiff's issues on appeal, this means that we are unable to address issues 3-9 [DS 6-13; MIO 1-4], which go to the merits of trial proceedings. With respect to Plaintiff's continued contention that the metropolitan court cannot serve as the highest court over this litigation [MIO 4-5], our calendar notice observed that two appeals have been taken by Plaintiff. The fact that Plaintiff has not prevailed on his appeals does not mean that he was deprived of any process that was due, and his argument that we should independently consider the merits of his case is answered by the lack of any record to review. The fact that Plaintiff has acted pro se [MIO 3] in this case does not mean that he should be afforded special protection, or that we should set aside rules governing appellate review. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. With respect to the claim that a court may not award attorney fees in a contract action [DS 5], this issue is without merit because the metropolitan court specifically awarded no attorney fees. [RP 6] For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**LINDA M. VANZI, Judge**