This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROBERT GENE ROSS,**

Plaintiff-Appellant,

v.                                                          **NO. 28,773**

**WEXFORD HEALTH SOURCES, INC., WESTERN NEW MEXICO CORRECTIONAL FACILITY, GRACE WALLACE (R/N, WHS), DONNA DEMING (M.D.,WHS), TONY MCCORT (MED. ADMSTR., WHS), FRANCIS MONDRAGON (UNIT MGR. WNMCF), GEORGE TAPIA (WARDEN, WNMCF),**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**Camille Martinez Olguin, District Judge**

Solomon Brown
Albuquerque, NM

for Appellant

Miller Stratvert, P.A.
Ruth Fuess
James R. Wood
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VANZI, Judge.**

Plaintiff, Robert Gene Ross, appeals the district court's grant of summary judgment in favor of the Appellees, Wexford Health Sources, Inc. (WHS), Western New Mexico Correctional Facility (WNMCF), Grace Wallace (R/N, WHS), Donna Deming (M.D., WHS), Tony McCort (Medical Administrator, WHS), Francis Mondragon (Unit Mgr., WNMCF), George Tapia (Warden, WNMCF) (collectively, Defendants). Plaintiff contends that the district court erred when it held that res judicata (claim preclusion), based on the federal court's dismissal of Plaintiff's federal court claims with prejudice, applies to bar Plaintiff's claims in the present case. We affirm the district court.

**BACKGROUND**

The following facts are undisputed. On November 3, 2006, Plaintiff, a prison inmate in the Western New Mexico Correctional Facility (WNMCF), acting pro se, filed suit against Defendants in the Thirteenth Judicial District Court (State Case). In his complaint, Plaintiff brought claims under the New Mexico Tort Claims Act alleging denial of medical care and medical negligence. Plaintiff also alleged

violation of federal statutes 42 U.S.C. § 1983 (1986), 42 U.S.C. § 1988 (2000), and 42 § U.S.C. 1997 (1980). Plaintiff's claims were based on his allegations that he sought but was refused medical care for stomach pain between September 12, 2006, and September 14, 2006.

In January 2007, Plaintiff filed a lawsuit in the United States District Court for the District of New Mexico (Federal Case). This lawsuit named Tony McCort, Wexford Health Sources, Inc., Joe Williams, New Mexico Corrections Department, George Tapia, WNMCF, and John Doe as Defendants. Plaintiff's complaint in the Federal Case consisted of eighty-five handwritten or copied pages.

Plaintiff's federal complaint is not part of the record in this case; however, the federal court determined that Plaintiff brought the following four claims in his federal complaint: (1) that from September 12, 2006, through September 14, 2006, Plaintiff was subject to deliberate indifferent medical care while incarcerated at the WNMCF, when he suffered from medical symptoms but was unable to obtain medical care; (2) that he was subject to deliberate indifferent medical care at WNMCF because the medical staff refused to issue him a pair of medical support boots; (3) that he was discriminated against on the basis of race when he was moved from one unit to another unit; and (4) that he suffered a violation of his constitutional rights from the overcrowded conditions at WNMCF.

The federal court dismissed Plaintiff's discrimination and constitutional rights claims (claims three and four) with prejudice for failure to state a claim. The court ordered a *Martinez* Report regarding Plaintiff's claims of medical indifference (claims one and two). The court determined that the *Martinez* Report and Plaintiff's response to the *Martinez* Report did not establish that Defendants were deliberately indifferent to Plaintiff's medical needs on September 12, 13, or 14, 2006, and therefore, granted summary judgment in Defendants' favor on claim one. Also based on the *Martinez* Report, the court determined that Plaintiff had failed to exhaust his administrative remedies regarding claim two and dismissed that claim without prejudice.

On November 30, 2007, Defendants moved for summary judgment in the State Case claiming that the suit was now barred on the basis of claim preclusion based on the grant of summary judgment to Defendants in the Federal Case. Plaintiff filed two pro se responses to Defendants' motion, after which Plaintiff obtained an attorney. Plaintiff's attorney requested, and was provided, an opportunity to further respond to Defendants' motion. The district court granted Defendants' summary judgment motion. Plaintiff is represented by counsel in this appeal. On appeal, Plaintiff argues the State Case is not barred by claim preclusion because: (1) the State Case involves different parties than the Federal Case; (2) the State Case presents different claims than the Federal Case; and (3) Plaintiff was not afforded a full and fair opportunity to litigate his case in federal court.

# DISCUSSION

## Standard of Review

"An appeal from the grant of a motion for summary judgment presents a question of law and is reviewed de novo." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971 (filed 2006).

We also review de novo a district court's application of claim preclusion. *Moffat v. Branch*, 2005-NMCA-103, ¶10, 138 N.M. 224, 118 P.3d 732. Federal law determines the preclusive effect of a federal judgment, however, federal law and New Mexico law are not divergent on the doctrine of claim preclusion. *Id.* ¶ 11. Therefore, for convenience, in this opinion we rely primarily on New Mexico law.

## Summary Judgment and Plaintiff's Dispute of Facts in the State Case

Before addressing the issues raised in Plaintiff's appeal, we first review his response to Defendants' motion for summary judgment in the district court. Summary judgment is proper and the moving party is entitled to judgment as a matter of law where a controversy presents no genuine issues of material fact. *Roth v. Thompson*, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). The moving party need only make a prima facie showing that they are entitled to summary judgment. *Id.* at 334-35, 825 P.2d at 1244-45. Upon such a showing, the burden shifts to the party opposing summary judgment to show specific evidentiary facts, in the form of admissible evidence, that require a trial on the merits. *Id.* "Mere argument or bare contention

offered by the opposing party that a material issue of fact exists cannot override the moving party's prima facie showing." *Estate of Eric S. Haar v. Ulwelling*, 2007-NMCA-032, ¶ 10, 141 N.M. 252, 154 P.3d 67.

In his response to Defendants' motion for summary judgment in the State Case, Plaintiff wholly failed to meet his burden of showing evidentiary facts at issue that require a trial on the merits. As the record indicates, Defendants set forth a list of five undisputed material facts in support of their motion for summary judgment. In undisputed fact number four, Defendants asserted that Plaintiff's claims in the State Case against all Defendants were based on the same alleged facts and circumstances as claims that were brought in the Federal Case. In undisputed fact number five, Defendants asserted that the federal court found against Plaintiff and dismissed Plaintiff's claims with prejudice.

Plaintiff filed three responses to Defendants' motion. Plaintiff acted pro se in the first two responses. The third response was filed after Plaintiff had obtained counsel. Plaintiff admits that in his first two responses, he failed to dispute any of Defendants' undisputed facts. Plaintiff's third response purported to dispute material facts number four and five; however, Plaintiff provided no evidence that would support such a dispute.

As to undisputed fact number four, Plaintiff merely stated that the complaint he filed in the Federal Case was eighty-five pages long, and the complaint he filed in the

6

State Case was considerably shorter. This statement in no way addresses whether the claims in the two cases were based on the same alleged facts and circumstances as stated in Defendants' motion. As to undisputed fact five, Plaintiff does not dispute that the federal court dismissed his claims with prejudice but rather discusses the basis for the federal court's dismissal. Plaintiff's response to Defendant's motion does not demonstrate that issues of material fact exist in the case at bar; therefore, summary judgment was appropriate in this matter on this basis alone. *Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (holding that an appellate court may affirm a district court's ruling on a ground that was not relied below if reliance on the new ground would not be unfair to the appellant).

**Claim Preclusion**

We next address whether the district court erred when it determined that Plaintiff's claims in the State Case were barred by claim preclusion based on the federal court ruling.

Before addressing the substance of this appeal, we first note that Plaintiff's brief in chief does not conform to New Mexico Rules of Appellate Procedure, Rule 12-213(A)(4) NMRA, which requires the brief in chief to provide "citations to authorities, record proper, transcript of proceedings or exhibits relied on." Plaintiff's brief contains numerous factual statements, however, the brief does not contain a single citation to the record proper. Additionally, Plaintiff makes a number of general

7

and insufficiently developed arguments and fails to present evidence in support of those arguments.

New Mexico appellate courts have consistently held that where the appellant does not make specific, adequately developed arguments and cite to the record for evidence and facts in support of those arguments, this Court will not search the record or guess at what appellant's arguments might be. *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (filed 2008) (stating that an appellate court "will not search the record for facts, arguments, and rulings in order to support generalized arguments"); *see Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that an appellate court will not review unclear arguments, or guess at what a party's arguments might be and declining to entertain a cursory argument that relied on several factual assertions that were made without citation to the record). Again, we can affirm the district court's ruling solely on this basis. *See Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 114 N.M. 103, 108, 835 P.2d 819, 824 (1992) (stating that where a party fails to cite any portion of the record to support its factual allegations, the Court need not consider its argument on appeal).

The deficiencies in Plaintiff's brief make it impossible to address many of Plaintiff's assertions. Nevertheless, we address Plaintiff's arguments where possible.

The purpose of the doctrine of claim preclusion is to promote finality in civil disputes by relieving parties of the burdens of multiple lawsuits, conserving judicial

8

resources, and preventing inconsistent decisions. *Computer One, Inc. v. Grisham & Lawless P.A.*, 2008-NMSC-038, ¶ 31, 144 N.M. 424, 188 P.3d 1175. "Courts are committed to providing every litigant a full and fair opportunity to sue or defend[, b]ut once a judgment is rendered after such an opportunity, justice requires that there be an end to the litigation." *Ford v. N.M. Dep't of Pub. Safety*, 119 N.M. 405, 409, 891 P.2d 546, 550 (Ct. App. 1994).

Four elements must be met for claim preclusion to bar a claim: (1) the parties must be the same or in privity in both actions; (2) the parties must be acting in the same capacity or character in both actions; (3) the actions must address the same subject matter; and (4) the actions must involve the same claim. *Moffat*, 2005-NMCA-103, ¶ 11. Additionally, the party against whom claim preclusion is to be applied must have been provided a full and fair opportunity to litigate the claim in the first law suit, and there must have been a final decision on the merits. *Guzman v. Laguna Dev. Corp.*, 2009-NMCA-116, ¶ 8, ___ N.M.___, 219 P.3d 12, *cert. denied*, ___-NMCERT-___, ___ N.M. ___, ___ P.3d ___ (No. 31,845, Sept. 14, 2009).

**Plaintiff's Argument Regarding Same Parties**

Plaintiff appears to argue, although somewhat unclearly, that Plaintiff's State Case is not a claim precluded by the judgment in the Federal Case because two Defendants were named in the State Case, Francis Mondragon and Grace Wallace, that were not named in the Federal Case. Plaintiff argues that the parties, therefore,

9

are not the same or in privity in the two suits. Francis Mondragon is an employee of WNMCF, and Grace Wallace is an employee of WHS. Both WNMCF and WHS were Defendants in the Federal Case.

Defendants argue that the liability of WNMCF and WHS in the Federal Case was premised on vicarious liability for their employees, including Ms. Mondragon and Ms. Wallace. Therefore, there was privity between the employers and their employees in the Federal Case that would act to apply claim preclusion to the claims against the employees in the State Case.

Both federal and New Mexico preclusion law follow the *Restatement (Second) of Judgments* § 51 cmt. a (1982), regarding claim preclusion and vicarious liability. *Ford*, 119 N.M. at 409, 891 P.2d at 550. Under *Restatement (Second) of Judgments* § 51 cmt. a, the judgment in the Federal Case precludes Plaintiff's State Case against Francis Mondragon and Grace Wallace if four requirements are met: (1) the liability of Defendants in the Federal Case was based on their vicarious liability for Plaintiff's claims against Ms. Mondragon and Ms. Wallace in the State Case; (2) the judgment in the Federal Case precludes a subsequent claim by Plaintiff against Defendants in the Federal Case for that conduct; (3) Plaintiff's claim in the State Case is based on grounds that Plaintiff could have asserted against Defendants in the Federal Case; and (4) the judgment in favor of Defendants in the Federal Case was not based upon a defense personal to those Defendants. *Id.* at 409, 891 P.2d at 550.

10

Plaintiff's only argument regarding claim preclusion and vicarious liability addresses the fourth requirement set out above. Plaintiff argues that the federal Defendants asserted two defenses in the Federal Case that would not be available to the new Defendants in the State Case and, therefore, are defenses personal to Defendants in the Federal Case. Plaintiff states that "[t]he exhaustion of administrative remedies defense, through the grievance procedures, would not be available to Mondragon or Wallace nor would the 8th Amendment cruel and unusual punishment defense be available to them." Plaintiff, however, does not cite to the record to explain these defenses or show where or how these defenses were raised in the Federal Case. Plaintiff also makes no argument regarding why those defenses are personal to Defendants in the Federal Case. As we have noted, it is the duty of the appellant to provide a record adequate to review the issues on appeal, and Plaintiff has failed to do so here. *See Dillard v. Dillard*, 104 N.M. 763, 765, 727 P.2d 71, 73 (Ct. App. 1986).

Plaintiff also cites *Gonzales v. Hernandez*, 175 F.3d 1202, 1206 (10th Cir. 1999), for the proposition that "while government employees are in privity with their employer in their official capacities, they are not in privity in their individual capacities." However, Plaintiff makes no argument and points to no evidence in the record to show that Ms. Wallace and Ms. Mondragon were acting in their individual

capacities and not in their official capacities during the events constituting Plaintiff's claim.

**Plaintiff's Argument Regarding Same Claim**

Plaintiff next argues that the Federal Case and the State Case present different claims. New Mexico courts use a three-step analysis to determine if two lawsuits involve the same claims. In applying this analysis, "(1) we assess the relatedness of the facts in time, space, origin, or motivation; (2) we determine whether the facts, taken together, form a convenient unit for trial purposes; and (3) we consider whether the treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage." *Moffat*, 2005-NMCA-103, ¶ 18 (internal quotation marks and citation omitted).

We interpret Plaintiff's arguments that the State Case and the Federal Case present distinct claims to be the following: (1) Plaintiff is basing the suit in the State Case on a different legal theory than the legal theory upon which he based the suit in the Federal Case; (2) the operative facts in the two cases are unrelated; (3) the medical negligence claims in the State Case and the civil rights claims in the Federal Case do not make a convenient trial unit; and (4) Plaintiff did not expect that the State Case would be precluded by the results of the Federal Case. We find these arguments to be without merit.

In analyzing whether two claims are the same for preclusion purposes, our Court in *Moffat* noted that the separateness of two claims is evaluated in factual terms, based on whether the claims share a "common nucleus of operative facts," regardless of the "legal theories raised or relief sought." 2005-NMCA-103, ¶ 17 (internal quotation marks and citation omitted). Using this same analysis, we find that Plaintiff's presentation of different legal theories in the State and Federal Cases is irrelevant to the determination of whether the claims presented in the two cases are the same.

Plaintiff fails to cite any evidence in the record to support his contention that the operative facts in the two cases are sufficiently different to constitute separate claims; however, Plaintiff does make numerous allegations in his brief in chief regarding operative facts that were not raised below in his complaint and are not supported by the record. We decline to consider these allegations and note that "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure." *Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19.

We find Plaintiff's remaining two arguments impossible to address based on the record before us. Plaintiff makes several allegations regarding the lack of overlap of evidence and witnesses in the two lawsuits; however, because the record does not

13

contain a copy of the complaint from the Federal Case and Plaintiff does not cite to evidence in the record to support his claim, we decline to address his argument.

**Plaintiff's Argument Regarding Full and Fair Opportunity to Litigate**

Finally, Plaintiff appears to argue that he did not have a full and fair opportunity to litigate his claim in the Federal Case. We interpret Plaintiff's arguments regarding this issue to be as follows: (1) that the *Martinez* Report ordered by the federal court painted an "unflattering picture" of Plaintiff; (2) Plaintiff was disadvantaged in the Federal Case because he was acting pro se; and (3) Defendants misrepresented facts in the Federal Case.

The *Martinez* Report is not included in the record before this Court and, therefore, we will not consider Plaintiff's allegations regarding it. *See Fed. Nat'l Mortgage Ass'n v. Rose Realty, Inc.*, 79 N.M. 281, 281-82, 442 P.2d 593, 593-94 (1968) (stating that this Court will not consider references to materials not included in the record and properly certified by the clerk of the district court).

As to Plaintiff's contention that he was disadvantaged by appearing pro se, we note that the federal court specifically found that Plaintiff had a lengthy history of pro se lawsuits both in federal and state court and, therefore, was experienced at representing himself. The federal court also noted that Plaintiff was able to present his arguments in a manner that enabled the court to understand his pleadings. The federal court stated that Plaintiff represented himself in a capable manner and that the

14

assistance of counsel would not materially affect the court's analysis of his claims or alter the court's recommendations.

Because Plaintiff cites no evidence to support his claim that Defendants misrepresented facts in the Federal Case, we decline to address this allegation.

In summary, we reiterate that Plaintiff has not met his burden on appeal to demonstrate error by the district court through discussion of the facts and presentation of arguments based on those facts. Because Plaintiff does not develop his arguments or point to any evidence in the record to support his arguments, we rely on the district court's decision in this matter. *See Farmers, Inc., v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990) ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error.").

**CONCLUSION**

For the reasons set forth above, we affirm the district court's order granting summary judgment in favor of Defendants.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

15

_____

**RODERICK T. KENNEDY, Judge**


_____

**MICHAEL E. VIGIL, Judge**