This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ROY A. DOWNS,**

Plaintiff-Appellant,

**v.**                                                                          **No. 30,341**

**HUNTER'S RIDGE APARTMENTS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Roy A. Downs
Albuquerque, NM

Pro Se Appellant

Claude Eugene Vance
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Appellant appeals pro se from the district court's order dismissing his on-record

metropolitan court appeal. [RP 68-69, 70] We issued a calendar notice proposing to

summarily affirm the district court's order of dismissal. Appellant filed a timely memorandum in opposition, which we have duly considered. Remaining unpersuaded that the district court erred, we affirm.

**DISCUSSION**

The district court dismissed Appellant's appeal based on the lack of an adequate record. [RP 68-69] The district court noted that neither party requested a recording of the metropolitan court proceedings. [RP 68] Thus, Appellant did not preserve a record in this case despite being informed by the metropolitan court that "[i]f you do not ask for a tape recording, you will not have a record of the proceedings to take to the district court for any appeal." [RP 30] The district court noted that it was limited to the review of the proceedings below and that, without a proper record, it was unable to determine whether Appellant properly questioned the metropolitan court's rulings and preserved his issues for appeal. [RP 69]

We continue to agree with the district court that the failure to preserve a record of the metropolitan court trial effectively makes this appeal unreviewable for all claims arising out of that proceeding. Appeals from metropolitan court are on-record appeals. *See* NMSA 1978, § 34-8A-6(B) (1993) (stating that "[t]he metropolitan court is a court of record for civil actions"); *see also* Rule 3-708(A) NMRA (stating that "[e]very civil proceeding in the metropolitan court shall be tape recorded if requested

by a party"). Because Appellant failed to request a tape recording, the district court was left without a complete record of the trial and would have no way of discerning whether a particular issue was preserved for review. *See* Rule 1-073(O) NMRA (defining the scope of review).

Except under rare circumstances, this Court also requires the preservation of issues, and in this case we can review only what was preserved in the district court. *See* Rule 12-208(E) NMRA; *see also Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). It is the duty of the appellant to provide a record adequate to review the issues on appeal. *Dillard v. Dillard*, 104 N.M. 763, 765, 727 P.2d 71, 73 (Ct. App. 1986). "Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." *Reeves v. Wimberly*, 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct. App. 1988). As we do not have a record of the entire appeal, we remain persuaded that our preservation rules have not been met.

Although Appellant continues to object to the district court's decision, he fails to cite authority to support his contention that the district court erred by dismissing his

appeal. [MIO 2]  We therefore reject Appellant's arguments that the appeal to the district court cannot be dismissed for lack of an adequate record, that his statement of appellate issues was not considered by the district court, and that the district court failed to consider the evidence in its entirety.  [DS 1-2 (Issues 1, 3, 4, 5, 7, 9, 11)] Without an adequate record, we are unable to address issues that go to the merits of the trial proceedings.

With respect to Appellant's contention that the metropolitan court or district court did not consider a counterclaim [DS 1-2 (Issue 8)], our calendar notice stated that we did not understand this argument. *See Clayton v. Trotter*, 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct. App. 1990) (stating that the appellate court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments). We noted that Appellant appeared to be referring to a counterclaim and default judgment filed in another case, which were not relevant to this appeal.  In addition, our calendar notice stated that the docketing statement asserted claims about fairness and obstruction of justice without providing any context or explanation. [DS 1-2 (Issues 2, 5, 6, 10)].  Appellant's response to our calendar notice does not clarify any of his issues.  As these issues are not explained, we remain persuaded that it is unnecessary to address them.  *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-

4

045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that an appellate court need not review an undeveloped argument).

Finally, we note that the response lists several issues that indicate that Appellant does not understand the appellate process. Appellant asserts that the district court is the proper defendant in this case, that the complaint he filed in district court is separate from his appeal from the complaint, and that he is entitled to default judgment in a complaint filed on May 10, 2010, because the district court did not respond to his complaint. [MIO 2 (Nos. 1, 6, 7)] In addition, Appellant has filed a motion for default judgment in this Court, requesting the Court to enter default judgment based on the district court's failure to respond to a complaint filed on June 10, 2010. [Motion 1-2] We are unable to understand these arguments. The appeal before us in No. 30,341 is from the district court's order dismissing his appeal from metropolitan court in CV-2009-14357. As such, the defendant is not the district court but Appellee Hunter's Ridge Apartments. Based on the record before us, we have no idea what complaint Appellant is referring to when he claims the district court failed to respond to a complaint. To the extent that Appellant is referring to other cases, those cases are not before us. We remind Appellant that the appellate court presumes that the trial court is correct, and it is his burden to demonstrate that the district court erred. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d

1063, 1065 (1990).  As Appellant's arguments concerning a default judgment are unintelligible, we decline to address them.  *See Clayton*, 110 N.M. at 373, 796 P.2d at 266.

**CONCLUSION**

For these reasons and those set forth in the calendar notice, we affirm the district court's dismissal.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**