This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROGER COX and ASSOCIATES**
**PROPERTY MANAGEMENT, LLC ,**

   Plaintiff-Appellee,

**vs.**                                                       **No. 31,810**

**AARON LOHMANN,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Huling, District Judge**

Robert S. Simon
Albuquerque, NM

for Appellee

Moses, Dunn, Farmer & Tuthill, P.C.
Ronald A. Tucker
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals from a district court on-the-record judgment dismissing his appeal from a metropolitan court on Plaintiff's complaint for rent due. We proposed to affirm. Defendant has filed a memorandum in opposition. We affirm.

Defendant's issue on appeal is whether Plaintiff had standing to bring suit in the metropolitan court. As we stated in our calendar notice, we believe that the district court properly determined [RP 116] that Defendant's issue is unreviewable because he did not preserve a record of the metropolitan court hearing in this matter. Metropolitan courts are courts of record in civil actions. *See* NMSA 1978, § 34-8A-6(B) (1993); Rule 1-073 NMRA. A party wanting to preserve a recording of the proceedings is required to make the request. Rule 3-708(A) NMRA. Here, neither party requested a recording of the proceedings.

In his memorandum in opposition, Defendant argues that we can overlook the lack of a complete record, and may limit our review to the pleadings in the record proper. We conclude that this would be unfair to Plaintiff, because it would ignore any evidence in its favor presented at the hearing. Defendant's argument goes against our longstanding case law on this. *See, e.g., Michaluk v. Burke,* 105 N.M. 670, 676-

77, 735 P.2d 1176, 1182-83 (Ct. App. 1987) ("Where the record on appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence."); *Dillard v. Dillard*, 104 N.M. 763, 765, 727 P.2d 71, 73 (Ct. App. 1986) (observing that it is the duty of the appellant to provide a record adequate to review the issues on appeal). Although we find this to be unnecessary for our resolution of this appeal, we do note that the record indicates that Plaintiff is the successor-in-interest of the original lessor. [RP 53]

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**LINDA M. VANZI, Judge**