632 P.2d 352

**Betty MONTERO, Petitioner-Appellee,**

v.

**Larry MONTERO, Respondent-Appellant.**

**No. 13296.**

Supreme Court of New Mexico.

April 23, 1981.

Payne, Mitchell & Quigley, Gary C. Mitchell, Ruidoso, for respondent-appellant.

Bowen & Shoesmith, Peggy A. Bowen, Alamogordo, for petitioner-appellee.

## OPINION

RIORDAN, Justice.

Petitioner and respondent were divorced on December 8, 1979. There was a stipulation signed the same day that addressed the custody and visitation of the two minor children of the parties and set out specific, well defined visitation rights of the respondent. The final divorce decree stated, *inter alia*, that the wife was to have legal custody of the children and that the husband was to have specified rights of visitation with his children which included two months visitation in the summer. In addition, the parties stipulated that they were both fit and proper parents. Seven months after the divorce, the respondent filed a motion to enforce his visitation rights or in the alternative to find petitioner in contempt of court for failure to follow the provisions of the final decree relating to visitation. The morning of the hearing, petitioner's attorney requested a modification of the visitation schedule, setting forth the reason that petitioner had removed herself from Roswell, New Mexico to Irving, Texas. Respondent is a resident of Ruidoso, where both parties resided at the time of the divorce.

The district court granted the petitioner's motion to amend summer visitation rights. The court, based upon petitioner's testimony found that although the parties had agreed to the visitation of two months in the summer, it was contemplated by the parties that they would continue residing in the same general vicinity after the divorce. The court also found that there was a material change in circumstances whereby the district court could, as a matter of law, alter its previous order concerning visitation.

The sole issue for consideration is whether, for the purpose of visitation rights, it is considered a "sufficient change of circumstances" when a custodial parent voluntarily leaves the locality in which she and her former husband were living at the time of the divorce and establishes a new residence elsewhere with their children. The district court found that this was a sufficient change of circumstances. We reverse.

Both sides rely on *Kerley v. Kerley*, 69 N.M. 291, 366 P.2d 141 (1961), in support of the proposition that any change in the visitation rights provisions of a divorce decree must be predicated upon the best interests of the children and must result from a substantial or material change of circumstances. The question is whether the same standard that is applied in changes in custody situations is applied to cases involving visitation modification. The *best interest* standard is always applied to custody matters, and it is to be applied in all matters dealing with the well-being of minor children. This standard is, in reality, the controlling standard which is applied in *all* matters involving minor children of divorced parents. As for the change in circumstances requirement, *Kerley, supra*, held that it is a necessary element in determining whether or not visitation should be modified or terminated. In *Kerley*, the trial court denied a change in visitation requested by a father who had moved to another community. The court also denied the mother's request to terminate the father's visitation. This court upheld the trial court's rulings denying both motions.

No other New Mexico case concerning visitation privileges and the standard to be applied in such cases was cited to this Court. However, a number of other jurisdictions have addressed this issue.

> Visitation is not solely for the benefit of the adult visitor but is aimed at fulfilling what many conceive to be a vital, or at least a wholesome contribution to the child's emotional well-being by permitting partial continuation of an earlier established close relationship.

*Looper v. McManus*, 581 P.2d 487, 488 (Okl. Ct.App.1978). We wholeheartedly agree with this view and believe that the original decree would accomplish this end. We fail to see in this case how reducing a father's visitation rights can benefit either the respondent or his children.

There is nothing in the final decree to suggest that the visitation rights granted to the husband were only intended to be binding on the wife as long as both parties remain in the same general vicinity. In any event, it was not the husband who moved to another locality, it was the wife who voluntarily did so. It was she who took the children away and thus increased the physical distance between the children and their father. In addition, the present arrangement imposes a heavier financial burden only on the husband in his effort to see his children than would have been experienced had no move taken place. He had agreed at the time the decree was entered to pay for transportation expenses for the children. Under the circumstances, we do not perceive how the petitioner can now be heard to complain that what was written in the decree, and agreed to by both parties should now be changed just because or her move, absent some other compelling interest.

If we were to accept the petitioner's premise that a voluntary move of one party from the vicinity where the other resides is in and of itself a sufficient change to justify reducing visitation, it would provide a method for any party to undermine child visitation provisions of a divorce decree at their whim. Such an inequitable result can-not be tolerated. While it is true that, in the sound exercise of its discretion, the trial court has the authority to modify its previous orders relative to custody and visitation upon a showing of circumstances warranting a change in the best interests of the children, *Bernick v. Bernick*, 31 Colo.App. 485, 505 P.2d 14 (1972), here the record shows no substantial change bearing upon the necessity or the justice of modifying the provisions regarding visitation. We hold that the trial court abused its discretion in modifying its previous order.

The trial court is reversed, and this case is remanded with instructions to proceed in a manner consistent with this opinion.

IT IS SO ORDERED:

PAYNE and FEDERICI, JJ., concur.