734 P.2d 237

**Mayra P. HOPKINS,
Petitioner-Appellee,**

v.

**James L. GUIN, Respondent-Appellant.**

**No. 8524.**

Court of Appeals of New Mexico.

Sept. 18, 1986.

Certiarari Quashed Feb. 26, 1987.

Martin E. Threet, B. Paula Kavanagh, Threet & King, Albuquerque, for petitioner-appellee.

Pedro G. Rael, Rael & Jarner, Los Lunas, for respondent-appellant.

## OPINION

MINZNER, Judge.

Respondent appeals from the trial court's decision to increase his child support obligations and modify visitation rights. We affirm.

The original divorce decree, which was entered in January 1982, incorporated an agreement to which the parties had stipulated. The agreement provided that:

Child support shall be set at the amount of Two Hundred Dollars ($200.00) per month, commencing January 1, 1982, and said child support shall increase each year by a percentage to be determined by any increase in Husband's pay. If Husband receives a ten percent (10%) raise in pay, then child support shall increase by ten percent (10%) for the year following such raise.[1]

In August 1983, on respondent's petition for an order to show cause and after petitioner had moved for discovery of respondent's income during 1981 and 1982, the trial court entered an order clarifying respondent's child support obligations during summer visitation, specifying the dates for summer visitation, and allowing petitioner to have the children from July 15 to July 29. Additionally, the order construed the child support paragraph. In addition to explaining the relationship between an increase in net pay and an increase in child support and requiring notice of pay increases, the trial court defined "net pay" as "gross salary less FICA taxes and federal and state income taxes. It shall not include disability benefits of any kind nor any increase thereof." The order recited that it was entered after the parties had "settled their differences."

During the next year, other differences between the parties apparently arose. The record includes various motions with respect to visitation, discovery of respondent's income, and other matters which are not relevant to the present appeal. In November 1984, petitioner moved for an in-crease in child support and for additional summer visitation.

After a hearing, both parties submitted requested findings of fact and conclusions of law. The trial court increased respondent's support obligation from approximately $244.00 per month to $400.00 per month; the court did not grant petitioner's request for additional weeks in June and August but, in specifying dates for respondent's summer visitation, reduced by several days the amount of time respondent had formerly enjoyed. No attorney fees were awarded.

The court made the following findings of fact relevant to this appeal:

2. That the Settlement Agreement, filed herein on January 14, 1982 and approved and confirmed by the Court in the Final Decree filed herein on January 15, 1982, was entered into by the parties at a time when the Respondent had a net monthly income of $1617.00, consisting of a salary of $917.00 and Veterans Administration disability benefits of $700.00.

3. That the amount of child support agreed upon by the parties in the said Settlement Agreement, to-wit: the sum of $100.00 per month per child, was based solely on the Respondent's salary and did not take into consideration the Respondent's said disability benefits.

4. That this failure on the part of the parties to take into consideration the Respondent's disability benefits in arriving at the amount of child support to be paid by the Respondent was not in the best interests and welfare of the children and did not treat the children's support needs fairly.

5. That the Respondent's current net monthly income is in the amount of $1,842.00, consisting of a salary of $1,103.00 and Veterans Administration disability benefits of $739.00.

6. That the Court finds that the amount of child support should be in-

---

1. Although not at issue in this case, we note that our courts have implicitly approved of escalator clauses in awards of child support. *Henderson* *v. Lekvold*, 95 N.M. 288, 621 P.2d 505 (1980). *Cf. Dunning v. Dunning*, 104 N.M. 295, 720 P.2d 1236 (1986).

creased to the sum of $200.00 per month per child, effective February 1, 1985.

7. That in arriving at this increased amount of child support the Court has taken into consideration all of the guidelines enunciated in *Spingola v. Spingola*, 91 NM 737, 743–744, [580 P.2d 958] (1978), particularly the Child Support Guidelines as established in the Second Judicial District of the State of New Mexico.

8. That during the time the children are with the Respondent during the summer months, the Respondent's support obligation will be reduced by 75%.

The court reached the following conclusions:

2. That the Settlement Agreement is not in the best interests and welfare of the children, is against the public policy of the State of New Mexico, and should be modified.

3. That settlement agreements between husband and wife are greatly favored by the Court, but where child support and visitations are concerned such agreements are not binding upon the Court.

4. That to make stipulated agreements concerning child support and visitations nonmodifiable is not in the best interests and welfare of the children and is against the public policy of the State of New Mexico.

5. That it is appropriate to consider the net monthly income of each parent in order to properly establish the correct amount of child support.

6. That child support be and the same hereby is increased to the sum of $200.00 per month per child, effective February 1, 1985.

\* \* \* \* \* \*

9. That summer visitations be and the same hereby are established as follows: visitations with the Respondent from June 1 through July 14 and from July 30 through August 14; and visitation with the Petitioner from July 15 through July 29.

With respect to the increased child support, respondent claims that the findings are insufficient, that there is insufficient evidence of a substantial change in circumstances, that the trial court's prior interpretation of the settlement agreement incorporated into the final decree barred consideration of some of respondent's income, and that the trial court abused its discretion in considering child support guidelines adopted for use in a different judicial district. With respect to the modification in visitation rights, respondent claims that the trial court abused its discretion because, in specifying the dates for summer visitation, the number of days allotted to respondent decreased.

## WHETHER THE TRIAL COURT ERRED IN AWARDING AN INCREASE IN CHILD SUPPORT.

It is well-established law that the award of child support rests within the sound discretion of the trial court. *Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978). The issue before the trial court is whether there has been a substantial change in circumstances, which materially affects the child's welfare. *See Brannock v. Brannock*, 104 N.M. 385, 722 P.2d 636 (1986); *Spingola v. Spingola*. "On appeal, the scope of review is limited to examining the record only to determine if the trial court abused its discretion by fixing an amount contrary to all reason." *Id.*, 91 N.M. at 742, 580 P.2d at 963. The respondent thus faces a heavy burden in challenging the award of child support on the basis of an abuse of discretion. In this case, however, respondent raises arguments other than a claim that an abuse of discretion occurred. We address these arguments first.

### (1) Sufficiency of the Findings.

Respondent contends that the trial court erred in not finding a specific need or change in circumstances. While it is true that a trial court must make findings of ultimate facts, *Jaramillo v. Jaramillo*, 103 N.M. 145, 703 P.2d 922 (Ct.App.1985), we conclude that the trial court's findings are sufficient for appellate review. *See Brannock v. Brannock*.

In the case of doubtful or uncertain findings, the appellate court is to indulge every presumption in favor of the judgment. *Ledbetter v. Webb*, 103 N.M. 597, 711 P.2d 874 (1985). In addition, an appellate court may look to the oral remarks of the trial court for clarification of a finding of fact, provided the remarks are not made the basis for error on appeal. *Id.*

In the present case, the trial court orally considered each guideline enumerated in *Spingola* with respect to the facts of this case. These remarks make it clear that the trial court properly determined whether substantial changes had occurred. *Cf. Brannock v. Brannock* (trial court failed to consider any of the *Spingola* factors). Under these circumstances, the trial court's finding that it considered the guidelines in *Spingola* is a sufficient finding of ultimate fact. *Id.*

Under NMSA 1978, Section 40–4–11 (Repl.1986), the trial court must make "a specific determination and finding of the amount of support to be paid by a parent to provide properly for the care, maintenance and education of the minor children, considering the financial resources of the parent...." § 40–4–11(A). In the present case, it is clear that the trial court made the requisite statutory findings.

## (2) Sufficiency of the Evidence as to Change in Circumstances.

Respondent also contends that there was not substantial evidence to support the findings. The relevant standard of review is a limited one. *See Brannock v. Brannock.* The question for us is not whether the trial court might have made different findings; rather, this court must indulge all reasonable inferences in favor of the judgment and disregard all contrary evidence. *Id.* Under this standard, we must conclude that there is sufficient evidence to support the findings.

Evidence was presented at the hearing that the children's needs are greater now because they are older. There was also evidence that one child requires extra tutoring, and there have been medical expenses for both children which were not covered by insurance. The respondent's argument that it is unfair to hold him responsible for additional child support because the petitioner has moved with the children to Texas, or has remarried a spouse who earns significantly more than the respondent, ignores this evidence.

## (3) The Effect of the 1983 Order.

Respondent next contends that the August 1983 order, which specifically excluded the respondent's disability benefits from consideration in determining child support, precluded the trial court from considering his disability benefits in computing child support. Respondent contends that the relevant issue was fully litigated at the prior hearing, and that under the doctrine of res judicata the trial court could not entertain it again.

If the petitioner has never had a full and fair hearing on the merits of whether disability benefits should be considered part of the respondent's financial resources, it is clear that the doctrine of res judicata would not bar the court from considering the issue. *See Berlint v. Bonn*, 102 N.M. 394, 696 P.2d 482 (Ct.App.1985). *Cf. Smith v. Smith*, 98 N.M. 468, 649 P.2d 1381 (1982) (the doctrine of res judicata precluded consideration of changes in circumstance that occurred prior to a previously adjudicated decrease).

Respondent has the burden of establishing that res judicata applied. This he has not done. *See Shultz v. Ramey*, 64 N.M. 366, 328 P.2d 937 (1958); *Paulos v. Janetakos*, 46 N.M. 390, 129 P.2d 636 (1942). *Cf. Mundy & Mundy, Inc. v. Adams*, 93 N.M. 534, 602 P.2d 1021 (1979) (a right, question, or fact distinctly put in issue and directly determined cannot be disputed in a subsequent suit). The record indicates only that the trial court interpreted the original decree, which represented the parties' agreement at that time.

In *Brister v. Brister*, 92 N.M. 711, 594 P.2d 1167 (1979), the supreme court upheld a modification of alimony despite an agreement entered into by the parties and incorporated into the divorce decree. The court

noted the public policy on modification of alimony awards, presently codified in NMSA 1978, Section 40–4–7(B)(2) (Repl. 1986), which allows modification whenever the circumstances render such change proper. The court went on to state, "[t]he court may disregard the agreement and make an award that the court deems fair." *Id.* at 713, 594 P.2d 1169.

■ Since the public policy regarding modification of child support is the same as for modification of alimony, *see* Section 40–4–7(C), we hold that the trial court was permitted to disregard the parties' agreement in the present case. Because there was substantial evidence of changed circumstances since the prior adjudication, the trial court might reasonably consider increasing future child support.

Once it had determined that a substantial change in circumstances existed, the court was required to take into consideration the financial resources of the parent in determining a reasonable amount of support. § 40–4–11(A). Assuming that the parties had previously agreed not to consider the disability benefits, and that the court later made this agreement explicit in the August 1983 order, we nevertheless hold that the trial court was not precluded from considering these benefits as part of respondent's financial resources. *Cf. Henderson v. Lekvold,* 95 N.M. 288, 621 P.2d 505 (1980) (it was error for the trial court to refuse to enforce a stipulation where the effect was to modify the obligation retroactively).

Respondent does not contend that the disability benefits are not part of his financial resources, only that the prior adjudication bars the court from considering them in computing the amount of child support. Because this reasoning would allow parties, by agreement, to circumvent the mandatory provisions imposed on the court by Section 40–4–11(A), we conclude that the argument must be rejected, and the trial court affirmed.

**(4) The Trial Court's Consideration of Bernalillo County Child Support Guidelines.**

Citing *Spingola,* respondent next argues that the trial court erred in considering another district court's child support guidelines. *Spingola* does not prohibit one district court from considering another's guidelines; rather, it dealt with the issue of whether the appellate court was able to take judicial notice of the Second Judicial District's Child Support Guidelines, which were not properly made part of the evidence in that case. Nothing in *Spingola* prohibits another district court from considering those guidelines.

■ Assuming but not deciding that the use of the guidelines was improper, however, we would not reverse. The evidence in the case supports the increase in child support without applying the disputed guidelines. *Mascarenas v. Kennedy,* 74 N.M. 665, 397 P.2d 312 (1964) (judgment not reversed even though erroneous rule applied, in worker's compensation case, where evidence substantially supported the findings without applying the erroneous rule).

**WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING VISITATION RIGHTS.**

■ Finally, respondent contends that nothing in the evidence justifies the additional time the children are to spend with the petitioner in the summer. We disagree.

In the present case, respondent's own counsel requested that the court change the visitation provisions to provide for specific dates of visitation. The record contains evidence of the discord that led to his request. After consideration, the court modified the visitation provision, noting that the more specific time schedule was slightly in favor of the petitioner, but not much. This determination, which altered the visitation schedule no more than several days, was not an abuse of discretion. *Cf. Montero v. Montero,* 96 N.M. 475, 632 P.2d 352 (1981) (the record showed no substantial change bearing on the necessity or justice of modifying the visitation provision).

CONCLUSION.

Although respondent raised other issues in his statement of the issues, these issues were not raised again in the argument; no authorities were cited in the statement as support. These issues are deemed abandoned. *Novak v. Dow*, 82 N.M. 30, 474 P.2d 712 (Ct.App.1970).

The order is affirmed in all respects. Each party shall bear its own costs.

IT IS SO ORDERED.

HENDLEY, C.J., and FRUMAN, J., concur.