This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v. NO. 33,388

**RICHARD RAMIREZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellant

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     The State appeals from the district court's order suppressing Defendant's statements to the police after a warrantless arrest. The State argues that Defendant's warrantless arrest was supported by both probable cause and exigent circumstances, and therefore the statements made after the arrest were not the fruits of an illegal arrest. We disagree and affirm the district court.

**BACKGROUND**

{2}     On March 2, 2012, Officer Gerard Bartlett responded to a call from a woman (Victim) regarding an assault that occurred at Eye Associates in Albuquerque, New Mexico. Victim described to Officer Bartlett a sexual attack that Defendant had subjected her to earlier in the evening. Afterward, Officer Bartlett helped to transport Victim to the Sexual Assault Nurse Examiners (SANE) office for an examination. From the SANE office, he went directly to Defendant's residence and arrested him without obtaining a warrant. Defendant was handcuffed and taken to the Foothills Substation in Albuquerque, where he was advised of his *Miranda* rights and questioned. Defendant then made a series of inconsistent and incriminating statements. Defendant later moved to have all of his post-arrest statements excluded under the federal and state constitutions. After a district court hearing that was held

in November 2013, Defendant's motion was granted and his statements were suppressed.

## DISCUSSION

### Exigent Circumstances for the Arrest

**{3}** In reviewing the district court's ruling on a motion to suppress, we defer to the court's findings of fact as long as they are supported by substantial evidence. *State v. Leyba*, 1997-NMCA-023, ¶ 8, 123 N.M. 159, 935 P.2d 1171. We review the constitutional issue regarding the legality of the seizure de novo. *State v. Gomez*, 1997-NMSC-006, ¶ 40, 122 N.M. 777, 932 P.2d 1.

**{4}** Under both the state and federal constitutions, a legitimate warrantless arrest must have both probable cause and exigent circumstances. *State v. Ryon*, 2005-NMSC-005, ¶ 23, 137 N.M. 174, 108 P.3d 1032; *Campos v. State*, 1994-NMSC-012, ¶¶ 13, 14, 117 N.M. 155, 870 P.2d 117. Both parties and the district court agreed that the officer had probable cause to obtain a warrant for Defendant's arrest. Nonetheless, the State was still obligated to demonstrate that exigent circumstances existed to support Defendant's arrest without a warrant. *Campos*, 1994-NMSC-012, ¶¶ 13, 14.

**{5}** Exigent circumstances exist in "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *Gomez*, 1997-NMSC-006, ¶ 39 (internal quotation marks and citation omitted). The test for exigent circumstances is not subjective, but based on a reasonable-officer standard; a warrantless arrest can be valid if "an objectively reasonable, well-trained officer could have determined that swift action was called for to prevent destruction of evidence, the escape of a suspect or undue risk to life or property." *State v. Rowell*, 2008-NMSC-041, ¶ 30, 144 N.M. 371, 188 P.3d 95.

**{6}** Officer Bartlett testified that he believed exigent circumstances did exist. During his testimony at the suppression hearing, he stated, "I felt like certain circumstances existed which made it necessary to locate him as soon as I could and arrest him as soon as I could." He stated that he wanted to prevent Defendant from returning to Eye Associates the next day and possibly interacting with Victim or other employees and endangering them. He did not ascertain whether Victim or Defendant actually worked on Saturdays or not. The district court found that Officer Bartlett had no reason to believe that Eye Associates would be open on Saturday, let alone that Defendant or Victim would be there.

**{7}** The State concedes that the test is not a subjective one, and therefore Officer Bartlett's beliefs cannot be dispositive, but argues that we should defer to the officer's good judgment because "reasonable people might differ about whether exigent circumstances existed[.]" *Gomez*, 1997-NMSC-006, ¶ 40. In the hearing before the district court, however, the State remarked: "After hearing the officer testify, I don't think that there were exigent circumstances, based on the definition of exigent circumstances in the case law." The State also conceded that Officer Bartlett "would have had time to secure a warrant prior to the arrest[,]" and that he could have "easily" arrested Defendant with a warrant. Based on the arguments and evidence, the district court found that exigency did not exist.

**{8}** Officer Bartlett did not indicate any basis for a belief that immediate arrest would be required to prevent destruction of evidence or the escape of the suspect. The only evidence presented for exigency was his testimony that he believed Victim and other employees at Eye Associates might be in danger of harm if obliged to work alongside Defendant the following day, a Saturday. Officer Bartlett had no reason to believe that danger was "imminent" such that waiting the additional time needed to obtain a warrant would result in harm to anyone. *See Gomez*, 1997-NMSC-006, ¶ 39.

**{9}** Imminent danger is "[a]n immediate, real threat" to a person's safety, "sufficient to cause a reasonable and prudent person to defend himself or herself."

5

*Black's Law Dictionary* 450 (9th ed. 2009). The potential threat in this case remained several hours away, and Officer Bartlett did not determine whether the threat was real or probable, i.e., whether Eye Associates would even be open the following day or whether Defendant was likely to encounter Victim or other employees. Additionally, he had adequate time and probable cause such that obtaining the appropriate warrant would not have posed a significant obstacle. Nothing in the record or the officer's testimony indicates that the time required to obtain a warrant would endanger Victim or anyone else, and therefore no threat of "imminent danger" justified the immediate arrest without a warrant.

{10} The State has failed to show that exigent circumstances compelled a warrantless arrest. Defendant's arrest on March 2, 2012, therefore does not pass constitutional muster and was an illegal seizure.

**Defendant's Subsequent Statements Were the Fruits of the Illegal Arrest**

{11} The State argued in the district court below that Defendant's incriminating statements should not be subject to the exclusionary rule irrespective of the legality of the arrest. If the arrest was illegal, the State claimed that the illegality was cured when Defendant was removed from his home, later given his *Miranda* warnings, and waived his constitutional right to remain silent at the police station. The State did not pursue this matter in its briefs on appeal. The only mention of the issue in the State's

6

brief in chief occurred in the recitation of the procedural history, no argument or authority was included. Even when prompted by Defendant's answer brief and the inclusion of some discussion of the issue, the State again decided not to address the exclusionary rule in its reply brief.

**{12}** Issues not briefed on appeal are abandoned. *Roswell v. Rio Communities Serv. Station, Inc.*, 1990-NMSC-018, ¶ 10, 109 N.M. 509, 787 P.2d 428. Even matters raised in the docketing statement are abandoned if not raised again in argument and supported with citations to appropriate authority. *Hopkins v. Guin*, 1986-NMCA-097, ¶ 27, 105 N.M. 459, 734 P.2d 237. As a result of Defendant's answer brief, the State had another opportunity to address the exclusionary rule in its reply brief. *See Magnolia Mountain Ltd. P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶ 34, 139 N.M. 288, 131 P.3d 675 (issues may not be abandoned if included in the answer brief and responded to in the reply brief). It failed to do so.

**{13}** Consequently, any preservation and argument in the district court below regarding the exclusionary rule is irrelevant and we hold that the issue has been abandoned. *See City of Santa Fe v. Komis*, 1992-NMSC-051, ¶ 22, 114 N.M. 659, 845 P.2d 753. We shall not address it any further.

**CONCLUSION**

{14}   For the reasons stated above, we hereby affirm the district court's order to suppress Defendant's statements made after his warrantless arrest by Officer Bartlett.

{15}   **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**