This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40026**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KELSEY BRYAN LEWIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Judge**

Hector H. Balderas, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in In re Pilot Project for Criminal Appeals, No. 2019-002, effective October 1, 2019. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer, and reply, we reverse for the following reasons.

**{2}**     Defendant appeals from the district court's revocation of his probation. [BIC 4; RP 123-24] Defendant contends on appeal that (1) the district court violated his confrontation rights when it allowed the officer to testify as to what the alleged victim said, and the alleged victim did not testify [BIC 5-8];[1] (2) the State failed to prove that Defendant violated his probation by committing a new crime [BIC 8-10]; and (3) the district court violated Defendant's due process rights in finding that he violated probation based on endangerment [BIC 11-14].

**{3}**     "The right protected in probation revocations is not the [S]ixth [A]mendment right to confrontation, guaranteed every accused in a criminal trial, but rather the more generally worded right to due process of law secured by the [F]ourteenth [A]mendment." *State v. Guthrie*, 2011-NMSC-014, ¶ 12, 150 N.M. 84, 257 P.3d 904. "Due process includes the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *State v. Castillo*, 2012-NMCA-116, ¶ 9, 290 P.3d 727 (internal quotation marks and citation omitted). Whether Defendant's due process right to confrontation was violated is a question of law we review de novo. *Id.*

**{4}**     When determining whether there was good cause for not allowing confrontation we consider "whether confrontation of the witness is essential to the truth-finding process in the context of probation revocation." *Guthrie*, 2011-NMSC-014, ¶ 2. Factors relevant to this determination may include but are not necessarily limited to the following: (1) whether "the assertion [is] central to the reasons for revocation[] or . . . collateral," *id.* ¶ 34; (2) whether "the assertion [is] contested by the probationer, or is the state merely being asked to produce a witness to establish something that is essentially uncontroverted," *id.*; (3) whether the assertion is "inherently reliable," *id.* ¶ 36; (4) whether the testimony is the sort of testimony that the declarant would only remember by reference to his or her records even if he or she were to testify in person, *id.* ¶ 37; (5) whether the challenged evidence is corroborated by other reliable evidence, *id.* ¶¶ 40-41; (5) whether the sponsor of the evidence is reliable and free of a motive to lie; *id.*; and (5) whether the declarant's observations are subjective or objective, *id.* ¶¶ 37-39. In applying these standards, our Supreme Court in *Guthrie* held that confrontation is more likely required when:

> [E]evidence is contested by the defendant, unsupported or contradicted, and its source has a motive to fabricate; it is about a subjective, judgment-based observation that is subject to inference and interpretation, and makes a conclusion that is central to the necessary proof that the defendant violated probation.

*Id.* ¶ 41.

---

1Having carefully reviewed the recording of the hearing, we cannot determine with certainty the evidentiary basis for the district court's finding, and if the State's interpretation of those remarks is correct, we conclude that if the alleged victim's hearsay statements are excluded, the remaining evidence does not suffice.

**{5}** *Guthrie* also identifies examples of circumstances in which confrontation will generally be required to satisfy the requirements of due process. *Id.* ¶¶ 36, 38. Of direct relevance to this case is our Supreme Court's discussion of allegations that a defendant violated his probation by committing a new crime, when the defendant had not yet been found guilty of committing the crime. When, as in this case, "the probationer is alleged to have committed a crime, but has not been convicted, then we would be hard pressed to envision a situation in which personal testimony and confrontation would not be required." *Id.* ¶ 38.

**{6}** The State's evidence that Defendant committed the crime with which he was charged was offered through the testimony of Officer Mason, who testified that he was flagged down at the motel where Defendant was staying because children were crying in one of the rooms. [BIC 3] Officer Mason testified that Ms. Yazzie, the alleged victim, told the officer that she and Defendant had a domestic dispute. [BIC 3] Defendant objected to this testimony based on confrontation and hearsay violations; the district court found good cause to dispense with confrontation and overruled the objection. [BIC 3] The officer continued to testify, stating that Ms. Yazzie "was in distress and had blood on her mouth." [BIC 3] The officer testified that Ms. Yazzie told the officer that Defendant had hit her. [BIC 3-4] Defendant denied any physical altercation. [BIC 4]

**{7}** The State's motion to revoke Defendant's probation alleges that Defendant violated the standard condition that "[Defendant] will not violate any of the laws or ordinances of the State of New Mexico, or any other jurisdiction. [Defendant] shall not endanger the person or property of another." [RP 94] The motion described the officer's encounter with Defendant and Ms. Yazzie at the motel, and states that Ms. Yazzie showed the officer "a small cut on the inside of her bottom lip where he observed dried blood." [RP 95]

**{8}** The district court's order revoking Defendant's probation found that Defendant "violated the terms and conditions of his probation as alleged in [the State's] motion by failing to obey state laws as ordered" and found that Defendant "failed to comply with a substantial condition of his probation." [RP 123] The parties agree the district court stated orally that it was revoking Defendant's probation because Defendant endangered another person, based on the officer's observation of Ms. Yazzie at the scene. [BIC 4, AB 4] *Hopkins v. Guin*, 1986-NMCA-097, ¶ 11, 105 N.M. 459, 734 P.2d 237 ("[A]n appellate court may look to the oral remarks of the trial court for clarification of a finding of fact, provided the remarks are not made the basis for error on appeal.").

**{9}** We conclude that the district court erred in its application of our Supreme Court's decision in *Guthrie*. Contrary to the district court's conclusion, this case falls on the "no good cause" end of the spectrum described by our Supreme Court in *Guthrie*: there is a clear need for confrontation to protect the truth-finding process and ensure the substantial reliability of the evidence. 2011-NMSC-014, ¶¶ 40-43.

**{10}** In evaluating the utility of confrontation, *Guthrie* begins by looking at the nature of the assertion the State needs to prove. *Id.* ¶ 34. Key elements are whether the assertion

is central to the reasons for probation revocation, rather than merely collateral, and whether the assertion is controverted. *Id.* In this case, the issue of whether Defendant had committed a battery on Ms. Yazzie was central to revocation of Defendant's probation. The State's contentions were contested: Defendant denied any altercation with Ms. Yazzie.

**{11}**   Next, our Supreme Court in *Guthrie* looks to the reliability of the hearsay evidence offered. "The more reliable the source and contents of hearsay evidence, the less the need for live testimony." *Id.* ¶ 36. The district court based its decision on the alleged victim's appearance—the small cut on her lip. However, the source of the evidence, and the only person with direct knowledge about how Ms. Yazzie received the cut lip, was the alleged victim. There was no evidence establishing that the victim was reliable. We note that there is nothing in the record ruling out possible animus toward Defendant or alternative explanations for the relatively small injury Ms. Yazzie presented.

**{12}**   Next, our Supreme Court in *Guthrie* considered whether the evidence was corroborated by other reliable evidence. *See id.* ¶ 40. Although the officer's observations of victim could have been consistent with domestic violence, no other evidence appears to have been taken into account by the district court to corroborate the source of the victim's injuries. [BIC 4, AB 4] Therefore, corroboration was lacking in the present case.

**{13}**   Finally, our Supreme Court in *Guthrie* looked to whether the evidence was objective or subjective. *See id.* ¶¶ 38-39. In applying this element of the analysis, the Court specifically addressed the situation where a probationer is alleged to have committed a new crime while on probation. The Court noted that if the probationer has not been convicted, "we would be hard pressed to envision a situation in which personal testimony and confrontation would not be required." *Id.* ¶ 38.

**{14}**   Because most of the factors in our Supreme Court's need-for-confrontation analysis fall at the end of the spectrum requiring confrontation, we conclude that Defendant had a right to confront the alleged victim in this case. The State's evidence was contested and the contested evidence was central to the State's proof that there had been a violation of law. Additionally, there was no corroboration by a conviction or other evidence as to the source of the alleged victim's injuries, and the alleged victim could have had a motive to fabricate. We therefore conclude that there was "no good cause" to dispense with confrontation. *See id.* ¶ 2. Accordingly, we reverse the revocation of Defendant's probation.

**{15}**   The State argues that because the alleged victim's hearsay statements are excited utterances under Rule 11-803(2) NMRA, those statements are "inherently reliable" for purposes of the due process confrontation analysis. *See Guthrie*, 2011-NMSC-014, ¶ 36. [AB 6, 8]  Because the State did not invoke the excited utterance exception in the district court, we understand the State's argument on appeal as a request that we affirm under the right for any reason doctrine, which allows us to affirm

a district court ruling on a ground it did not rely on if (1) "there is substantial evidence to support the ground on which the appellate court relies" and (2) "reliance on the new ground would not be unfair to the appellant." *Freeman v. Fairchild*, 2018-NMSC-023, ¶ 30, 416 P.3d 264 (citation omitted, cleaned up). Neither requirement is met here. As to the first requirement, courts in New Mexico consider a variety of factors in determining whether a statement is an excited utterance. *See State v. Suazo*, 2017-NMSC-011, ¶ 11, 390 P.3d 674 (providing a non-exhaustive list of factors). The State discusses just one of these factors: the alleged victim's distress at the time she made the statements at issue. The State fails to discuss any other factors, and our review of the record indicates that one of them—that the statements were made in response to an inquiry— weighs against the State. The evidence in the record is unhelpful with respect to the other factors identified in *Suazo*. We are unable to say how much time passed between the alleged battery and the making of the statements; whether, during that time, the alleged victim had a chance to reflect or fabricate; the extent of her emotional upset; or whether her statements were self-serving. *See Suazo*, 2017-NMSC-011, ¶ 11. We therefore conclude that the record does not include substantial evidence that the statements are excited utterances. *See id.* ("[T]o constitute an excited utterance, the declaration should be spontaneous, made before there is time for fabrication, and made under the stress of the moment."). Turning to the second requirement under the right for any reason doctrine, we conclude that it would be unfair to Defendant to hold that the statements are excited utterances because he did not have an opportunity to develop any record on the issue in the district court.

**{16}**   To the extent that the State contends that sufficient additional evidence existed to revoke Defendant's probation, namely, evidence of him drinking and using drugs, and evidence that children had been screaming in the motel room with Defendant and Ms. Yazzie, we note that the district court revoked Defendant's probation based on the new charge and endangerment of Ms. Yazzie, and therefore we decline to find any additional reasons for revocation based on facts not found by the district court. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{17}**   We note that Defendant also contends, relying on largely the same arguments as above, that insufficient evidence supported the revocation because the State did not demonstrate that Defendant had either committed a new crime or endangered Ms. Yazzie. [BIC 10] We conclude that the district court's stated reliance on evidence that this Court has held violated Defendant's due process rights to find that Defendant violated his probation requires reversal.

**{18}**   To the extent Defendant further contends that it was error for the district court to base the revocation on endangerment, rather than the new crime of battery on a household member, this objection was not preserved below. [BIC 13] *See State v. Salas*, 2017-NMCA-057, ¶ 42, 400 P.3d 251 (stating that appellate courts review unpreserved questions for fundamental error); *see also State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (stating that we employ the fundamental error

exception to the preservation rule "only under extraordinary circumstances to prevent the miscarriage of justice" (internal quotation marks and citation omitted)). In the present case, either the battery or endangerment were stated as grounds for the violation in the State's motion, and the district court found in its order that Defendant violated the terms and conditions of his probation as alleged in the State's motion. Therefore, we determine that the district court's findings do not appear to include any miscarriage of justice such that would warrant a finding of fundamental error on this issue. [RP 123]

**{19}** Finally, to the extent both parties note that the district court's reference to and application of "zero tolerance" probation was potentially confusing, we note that, in any probation revocation proceedings upon remand, proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. [BIC 9-10, AB 10-11]

**{20}** Based on the foregoing, we reverse.

**{21}** **IT IS SO ORDERED**.

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**